**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF ONTARIO PRINCIPALS' COUNCIL, GORDANA STEFULIC, VIVIAN MAVROU, VARLA ABRAMS,<br><br>Applicants. | Case No.: 5:13-mc-80237-LHK-PSG<br><br>**ORDER GRANTING-IN-PART EX PARTE APPLICATION FOR SUBPOENA OF TOPIX IN AID OF FOREIGN DEFAMATION SUIT**<br><br>**(Re: Docket No. 1)** |

Ontario Principals' Council, Gordana Stefulic, Vivian Mavrou, and Varla Abrams (collectively, "Applicants") seek discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782(a).[1] Applicants request a court order authorizing a subpoena to Topix, LLC ("Topix") – a resident of this district – for documents to support a Canadian defamation suit. Applicants seek documents that identify the subscriber and/or IP address login information for Topix user(s) responsible for online defamatory postings directed towards Applicants.

**I. LEGAL STANDARDS**

"A district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district

---

[1] *See* Docket No. 1.

1

Case No.: 5:13-mc-80237-LHK-PSG
ORDER GRANTING-IN-PART EX PARTE APPLICATION FOR SUBPOENA OF TOPIX IN AID OF FOREIGN DEFAMATION SUIT

court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person."[2] However, simply because a court has the authority under Section 1782 to grant an application does not mean that it is required to do so.[3] The Supreme Court has identified several factors that a court should weigh before ruling on a Section 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent Section 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court jurisdictional assistance; (3) whether the Section 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.[4]

It is common for parties to request and obtain orders authorizing discovery ex parte.[5] Such "ex parte applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it."[6]

## II. DISCUSSION

**A.    Authority to Issue Subpoena**

The court has reviewed Applicants' papers and agrees that the statutory requirements have been met. First, Topix is located in Palo Alto, here in the Northern District. Second, the discovery

---

[2] *In re Republic of Ecuador*, Case No. 3:10-mc-80225-CRB-EMC, 2010 WL 3702427, at *2 (N.D. Cal. Sep. 15, 2010); *see* 28 U.S.C. § 1782(a).

[3] *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004) (emphasizing a "district court is not required to grant a § 1782(a) discovery application simply because it has the authority" to do so); *United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001) (a "district court's compliance with a § 1782 request is not mandatory").

[4] *In re Republic of Ecuador*, 2010 WL 3702427, at *2 (quoting *Intel*, 542 U.S. at 264-65).

[5] *See id.* (quoting *In re Letter of Request from Supreme Court of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y.1991) (noting "it is common for 'the process of presenting the request to a court and to obtain the order authorizing discovery' to be conducted" ex parte)).

[6] *Id.* (citations omitted).

sought is for use in a Canadian defamation suit. Finally, Applicants constitute interested persons because they are a party to the foreign litigation.

**B.     Discretionary Factors**

**1.     Jurisdictional Reach of Foreign Tribunal**

The first *Intel* factor considers whether the material sought is within the foreign tribunal's jurisdictional reach.

The Supreme Court explained that,

> [w]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . , the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.[7]

In the instant case, Topix is not a party to the Canadian litigation. Topix is a Delaware corporation based here in California. The requested information does not appear within the immediate reach of a Canadian tribunal.

**2.     Nature and Receptivity of Foreign Tribunal**

Under the second *Intel* factor, district courts are encouraged to "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance."[8] In the foreign civil suit, Applicants intend to initiate litigation in Canada related to anonymous defamatory comments published about Applicants on Internet websites, such as Topix.[9] Applicants claim they "have been the targets of explicit online postings and comments accusing

---

[7] *Intel*, 542 U.S. at 264.

[8] *Id.*

[9] *See* Docket No. 1 at 5.

3
Case No.: 5:13-mc-80237-LHK-PSG
ORDER GRANTING-IN-PART EX PARTE APPLICATION FOR SUBPOENA OF TOPIX IN AID OF FOREIGN DEFAMATION SUIT

each of them of various incidents of egregious professional misconduct."[10]  Further, Applicants believe "the same individual or group of individuals is/are responsible for the defamatory online postings."[11]  However, because Topix users employ pseudonyms, Applicants need access to the requested information from Topix to identify their tortfeasors.[12]  The information sought by Applicants is relevant to the Canadian litigation and would assist a foreign tribunal assessing applicant's claims.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

Although Section 1782 does not require the documents sought to be discoverable in the foreign courts, a district court may consider whether an applicant seeks in bad faith "to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States."[13]  Nothing in Applicants' request facially attempts to circumvent foreign proof-gathering restrictions.

### 4. Undue Intrusion or Burden

Applicants seek subscriber data and IP address login information from a discrete set of Topix users.  More specifically, Applicants request "any and all documents" disclosing: (1) the first and last name of the user, (2) email addresses, (3) telephone numbers, (4) country and postal code information, (5) instant messenger screen names, (6) websites related to the user, (7) the current

---

[10] Docket No. 1 at 3.

[11] *Id.*

[12] Section 1782 applications may issue even where foreign proceedings has not yet been initiated. *See Intel*, 542 U.S. at 247 (explaining "the 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent'"); *In re Letter of Request from Crown Prosecution Serv. of United Kingdom*, 870 F.2d 686, 691 (D.D.C. 1989) (explaining the proceeding need only be "within reasonable contemplation" but "need not be pending").

[13] *See Intel*, 542 U.S. at 260-63, 265.

4
Case No.: 5:13-mc-80237-LHK-PSG
ORDER GRANTING-IN-PART EX PARTE APPLICATION FOR SUBPOENA OF TOPIX IN AID OF FOREIGN DEFAMATION SUIT

account status, and (8) user Internet Protocol Addresses ("IP Addresses").[14]  Applicants also ask the court to enjoin Topix from notifying its users that Applicants have subpoenaed this information to avoid evidence spoliation.

By narrowly tailoring their request, Applicants have mitigated any burden to Topix or its users.  The registration information sought by Applicants will be of obvious aid to the foreign tribunal in evaluating the merits of Applicants' defamation claim.  The subpoena request does not appear unduly burdensome.  Applicants' application for a subpoena is GRANTED.  Applicants may serve the subpoena attached to their application, without prejudice to any motion to quash that Topix or any other appropriate party may wish to file.

Applicants have not, however, persuasively demonstrated this court's authority to issue a prior restraint upon Topix.  Applicants' request that Topix be enjoined from notifying its users that Applicants have subpoenaed this evidence is DENIED.[15]

**IT IS SO ORDERED.**

Dated: November 8, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[14] *See* Docket No. 1, Attachment 1.  Applicants seek this information from seventeen Topix users: Falklands, Korean, student, Jeep Caravan, Vivian is pedo, Righteous Patriot, Gigabyte, No communists allowed, WellsFargo, ChrisCopyPasta, snail, TDSB employee, Bolton Winter Spence, Not Vivian Mavrou Mike, SCI teacher, and Susan Stefulic.

[15] The court trusts that Topix will comply with its duty to avoid spoliation of relevant evidence.

Case No.: 5:13-mc-80237-LHK-PSG
ORDER GRANTING-IN-PART EX PARTE APPLICATION FOR SUBPOENA OF TOPIX IN AID OF FOREIGN DEFAMATION SUIT